UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gennadiy Balandin,

Plaintiff,

vs

James Edward Eagle, in his individual capacity as an officer of the Apple Valley Police Department, and the City of Apple Valley,

Defendants.

Court File No: 01-790 MJD/JGL

**STIPULATION AND ORDER REQUIRING THE PROTECTION OF CERTAIN DOCUMENTS**

THE PARTIES HEREBY STIPULATE TO THE FOLLOWING:

1. Balandin has requested specific documents possessed by the City of Apple Valley under Rule 34 of the Federal Rules of Civil Procedure that contain information classified as private or confidential data pursuant to Minnesota Statutes, including the Minnesota Data Practices Act.

2. Defendants will produce copies of the following documents requested by Plaintiff, pursuant to Plaintiff's discovery demands in this matter, as soon as practicable under the terms and conditions as specified herein. These documents are:

   a. Investigation of the incident of October 28, 2000 by the Minnesota Bureau of Criminal Apprehension, the Dakota County Sheriff's Office and the Apple Valley Police Department, excluding records protected by Minn. Stat. § 13.43, subd. 5 and Minn. Stat. § 13.82, subd. 17(a)(b)(c)(d)(h).

   b. City of Apple Valley personnel file for James Eagle, except the following: Any medical records, personal financial information, psychological records, (including, but not limited to psychological testing), workers' compensation records, social security numbers, home address and phone

FILED DEC 06 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

number, information regarding the officer's family, finger printing records, records protected by Minn. Stat. § 13.43, subd. 5 and Minn. Stat. § 13.82, subd. 17(a)(b)(c)(d)(h).

3. The production of the foregoing documents shall be on the following terms and conditions:

a. Except that personnel data which is classified as public pursuant to Minn. Stat. § 13.43, and such investigatory data that is classified as public pursuant to Minn. Stat. § 13.82, the documents to be produced in response to this order shall be considered "Confidential Materials" under the terms of this order, and this order shall govern the examination and use of such documents.

b. Confidential Materials and information delivered therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d, below. The Confidential Materials shall not be disclosed to Balandin unless relevant to issues on which Balandin must testify, in which case Balandin will become bound by all terms and conditions of this order. However, this does not preclude counsel from generally disclosing the content of Confidential Materials as the same relates to strategic, tactical or settlement decisions on which Balandin would be required to approve or acquiesce. In such instance, Balandin will also become bound by the terms and conditions of this order. It is expressly understood that Balandin may not use Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action and may not disclose any confidential materials, except as specifically provided by this order.

c If Plaintiff's counsel wishes to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived therefrom may be designated by defendants as "Confidential," and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

d. Confidential Materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

i. The court (subject to the provisions of subparagraphs f and g hereof);

ii. Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

iii. Court reporters employed in connection with any deposition in the action;

iv. Adjusters and appropriate representatives of the League of Minnesota Cities Insurance Trust;

v. In regard to the materials set forth in 2.b. above, any other person agreed to in writing by Officer Eagle who is the subject of the data;

vi. In regard to the materials set forth in 2.a. above, any other person whom the parties agree to in writing.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraphs f and g hereof.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the court.

g. Nothing contained in this order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any witness at either prior to a deposition or trial or during a deposition or a trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by this order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor

any information derived from them to anyone who is not a Qualified Person within the meaning of this order.

4. In the event that any Confidential Materials or information derived therefrom are used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

5. Nothing herein shall be construed to effect in any way any parties' rights to object to the admissibility of any document, testimony, or other evidence at trial or any other proceeding relating to this matter.

6. If Plaintiff receives a subpoena or other court process that arguably calls for the production of Confidential Materials, Plaintiff shall give Defendants' counsel, Pierre Regnier or Joseph Flynn, at least ten (10) days notice before producing any such Confidential Materials.

7. The Confidential Materials produced in response to this order shall not be given, conveyed or otherwise transmitted to any member of the broadcast or print media. The parties shall not disclose any of the information contained in the Confidential Materials to any member of the broadcast or print media or their agents.

8. Upon termination of this litigation, counsel for Plaintiff shall return all Confidential Materials and copies thereof to counsel for the City of Apple Valley.

9. The designation of any document, information, or thing as confidential under this order is for purposes of this protective order only, and shall not be used for the purpose of interpretation or other legal or substantive issues raised in this litigation apart from the application of this order.

10. Nothing herein shall limit the remedy of Defendant Eagle under Minn. Stat. Ch. 13 or, otherwise, for disclosures of such materials or information where they are not authorized as provided herein. The failure to comply with the provisions of this order may subject Plaintiff to civil liability, contempt of court or other penalties authorized by law or statute.

11. This order does not in any way prevent the disclosure of public personnel data of James Eagle as defined in Minn. Stat. § 13.43.

12. All persons who have seen or possessed the confidential information shall remain under continuing duty not to reveal any of said confidential information to any person or entity who is not qualified to receive it pursuant to the provisions hereof, and not to use such information except in connection with this litigation.

13. Counsel for Plaintiff agrees that the stipulation by Defendants to release certain records that may be protected by the Minnesota Data Practices Act, other Minnesota Statutes, or otherwise, has no bearing on the release of any other documents not released pursuant to this order or to any other case and shall not be utilized by Plaintiff's counsel to support release of any documents not released pursuant to this agreement in this or any other case.

DATED: 11-26-01

GARTNER, BENNETT & SCHUPP, P.C.

By: ______________________

Robert Bennett (#6713)
Eric Hageman (#285180)
Attorneys for Plaintiff
Suite 2200, One Financial Plaza
120 South Sixth Street
Minneapolis, MN 55402-1824
(612) 333-3839

DATED: Nov. 21, 2001

JARDINE, LOGAN & O'BRIEN, P.L.L.P.

By: ______________________

Pierre N. Regnier (#90232)
Joseph E. Flynn (#165712)
Attorneys for Defendants
444 Cedar Street, Suite 2100
St. Paul, MN 55101-2160
(651) 290-6500

ORDER

Upon stipulation of the parties, the documents aforementioned are to be produced subject to the above protective order.

Dated: Dec. 6, 2001

BY THE COURT:

JONATHAN LEBEDOFF
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.