UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gennadiy Balandin, Court File No: 01-790 JEL/JGL

Plaintiff,

**STIPULATION OF DISMISSAL WITH PREJUDICE AND ORDER OF DISMISSAL**

vs

James Edward Eagle, in his individual capacity as an officer of the Apple Valley Police Department,

Defendant.

The undersigned hereby advises the Court that all claims of the Plaintiff, Gennadiy Balandin, in the above-entitled cause of action or otherwise, have been fully compromised and settled (all claims of Gennadiy Balandin against Defendant the City of Apple Valley have previously been dismissed with prejudice). Therefore,

**IT IS HEREBY STIPULATED BY AND BETWEEN** all the parties hereto, through their respective undersigned attorneys, that this entire lawsuit may be, and hereby is, dismissed on its merits and with prejudice, but without costs or disbursements or attorney's fees to any of the parties.

**IT IS FURTHER STIPULATED** that the amount of the settlement is in excess of Ten Thousand and no/100 ($10,000.00) Dollars and the parties hereby request that the Court approve the settlement pursuant to Minn. Stat. § 466.08.

FILED MAR 17 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED MAR 17 2003
DEPUTY CLERK'S INITIALS

**IT IS FURTHER STIPULATED** that, without further notice, a Judgment of Dismissal with Prejudice and upon the merits of all claims, without costs or disbursements or attorney's fees to any of the parties, may be entered herein.

DATED: 3-14-03

**FLYNN, GASKINS & BENNETT, L.L.P.**

By: [signature]

**ROBERT BENNETT** (#6713)
Attorneys for Plaintiff
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402
(612) 333-9500

DATED: 3-14-03

**JARDINE, LOGAN & O'BRIEN, P.L.L.P.**

By [signature]

**PIERRE N. REGNIER** (A.R. #90232)
**JOSEPH E. FLYNN** (A.R. #165712)
Attorneys for Defendant Officer James Eagle
8519 Eagle Point Boulevard, Suite 100
Lake Elmo, MN 55042
(651) 290-6500

**<u>ORDER FOR JUDGMENT</u>**

The foregoing Stipulation, having been presented to the Court on behalf of the above parties,

**IT IS HEREBY ORDERED:**

1. That the above-entitled action be, and the same hereby is, dismissed with prejudice and on its merits and without costs, disbursements, or attorney's fees to any party.

2. The settlement contained in the Settlement Agreement and Release attached as Exhibit "A", is approved by the Court pursuant to Minn. Stat. § 466.08.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 17, 2003

**BY THE COURT:**

Joan E. Lancaster

**Joan E. Lancaster**
United States District Court Judge

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into this 14th day of March, 2003, by and between (among):

**"Claimant" Gennadiy Balandin**

**"Assignor" The League of Minnesota Cities Insurance Trust**

## RECITALS

The parties desire to enter into this Settlement Agreement in order to provide for certain payments in full settlement and discharge of all claims which have, or might be made, by reason of the incident described below, upon the terms and conditions set forth below.

Agreement

THE PARTIES AGREE AS FOLLOWS:

### 1.0 Release and Discharge

**1.1** In consideration of the payments set forth in Section 2, Gennadiy Balandin, individually, and his heirs, administrators, executors, successors and assigns, principals, agents, servants and legal representatives, and all other persons or entities having a claim arising from the incident set forth below, does hereby fully and forever release, acquit and discharge the Minnesota City of Apple Valley, Officer James Eagle, and the League of Minnesota Cities Insurance Trust ("Assignor"), their respective agents and employees, past and present, and their past, present, and future officers, directors, officials, attorneys, principals, police officers, representatives, insurers, administrators, executors, successors and assigns, from any and all past, present, or future actions, at law or in equity, whether arising by statute, common law or otherwise, claims, costs, loss of services, attorney's fees, expenses and compensation and demands of whatsoever kind or nature, on account of, or in any way growing out of, all known and unknown personal injuries, civil rights claims, property damage, losses and damage, claims for anticipated and unanticipated injuries and/or damages, and claims of whatever nature, including compensatory, consequential, or punitive damages, sustained or received on or about October 28, 2000, arising out of or relating to the shooting of Gennadiy Balandin by Officer James Eagle and all actions relating thereto and including all causes of action in the Summons and Complaint filed in Minnesota Federal District Court File No. 01-790 JEL/JGL in the above-entitled matter and including consequences thereof now existing or which may develop, whether or not such consequences are known or anticipated.

Gennadiy Balandin hereby declares and represents that the injuries sustained are permanent and progressive and that recovery therefrom is uncertain and indefinite, and in making this release and agreement, it is understood and agreed that Gennadiy Balandin relies wholly upon his own judgment, belief and knowledge of the nature, extent and duration of any injuries or damages, and that Gennadiy Balandin has not been influenced to any extent whatsoever in making this release by any representations or statements regarding any injuries or damages, or regarding any other matters, made by the persons, firms or corporations who are hereby released, or by any person or persons representing them, or by any physician or surgeon by them employed.

**EXHIBIT A**

Gennadiy Balandin further acknowledges:

1. That no additional promise or agreement has been made as consideration for this Release and that the signing thereof has not been induced by any representations of the parties released, or by anyone on their behalf, concerning the nature, extent or duration of the alleged injuries or damages sustained, or any other matter.

2. It is understood and agreed that this settlement is the compromise of a doubtful and vigorously disputed claim, and that this payment is not to be construed as an admission of liability on the part of the parties released herein, by whom liability is expressly denied.

3. This settlement is a complete resolution of all claims, including claims for costs and attorney's fees, whether under 42 U.S.C. § 1988, or Minn. Stat. § 549.211, or otherwise, and all medical, hospital, and other expenses, and all liens and subrogation claims.

This settlement is a compromise settlement between the parties hereto and does not represent a full recovery of all compensatory or punitive damages alleged by Gennadiy Balandin.

It is further specifically understood and agreed that this Release includes the release and discharge of the Minnesota City of Apple Valley, Officer James Eagle, and the League of Minnesota Cities Insurance Trust ("Assignor"), their respective agents and employees, past and present, and their past, present, and future officers, directors, officials, attorneys, principals, police officers, representatives, insurers, administrators, executors, successors and assigns and that the releasing party accepts the compensation stipulated in this Release in full satisfaction of any and all injuries and/or damages which have heretofore arisen or which may hereafter arise from these parties. Claims against other potential tortfeasors are hereby expressly reserved under the principles set forth in *Pierringer v. Hoger*, 124 N.W.2d 106 (Wis. 1963) and *Frey v. Snelgrove*, 269 N.W.2d 918 (Minn. 1978).

It is recognized that the total amount of the claimed loss and damages sustained by Releasor may be more than the amount of consideration as set forth herein, and that the parties released hereby may not be paying the full amount of damages which would be paid if all parties involved were settling said claims for damages. Releasor does hereby credit and satisfy that portion of the total amount of damages which Releasor has suffered and will suffer because of the aforesaid loss, which is the responsibility, if any, of the parties released hereby, as may hereafter be determined to be the case in the further trial or other disposition of this or any other action or claim. Releasor does hereby release and discharge that fraction and portion of his total cause of action and claim for damage against all parties which shall hereafter, by trial or other disposition of this or any other action, be determined to be the sum of the portions or fractions of responsibility or fault for which the parties released hereby are found to be liable and responsible causing said loss and damages.

In the event the undersigned fails to immediately satisfy any such judgment to the extent of the fraction, portion or percentage of the negligence or liability as found against the parties released, the undersigned hereby consents and agrees that upon filing a copy of this agreement, without further notice, an order may be entered by the court in which said judgment is entered directing the clerk thereof to satisfy said judgment to the extent of said fraction, portion or percentage of the negligence or liability as found against the parties released and discharged under this Release.

Gennadiy Balandin hereby agrees to defend, indemnify and hold harmless the parties hereby released from any liability whatsoever to any person, firm or corporation, including, but not limited to, non-settling tortfeasors, and any claims for contribution or indemnity by any other person or entity, beyond the

consideration paid as part of this release for any allegation arising out of or relating to the subject matter of this litigation.

Gennadiy Balandin specifically represents and warrants that there are no attorney's liens that have been served, filed or noticed with regard to this cause of action or the proceeds relating to this cause of action, and that the only attorney who is entitled to any payment from the proceeds of this settlement is the law firm of Flynn, Gaskins & Bennett, L.L.P.

Gennadiy Balandin specifically represents and warrants that any all medical, hospital, and other expenses arising out of the aforementioned incident have been paid, and Blue Cross/Blue Shield and Medica have waived any subrogation claims arising out of the incident that is the subject of this Release and that no person, firm or corporation other than the releasing party and the Minnesota Department of Human Services who is releasing all claims against the released parties pursuant to a separate Release Agreement, and Gennadiy Balandin's attorneys, Flynn, Gaskins & Bennett, L.L.P., have any right to share in the proceeds of the recovery in this action or proceed by way of subrogation, enforcement of a lien or otherwise against the parties hereby released. Gennadiy Balandin specifically represents and warrants that no person, firm, corporation, governmental entity or other entity has any right to proceed by way of subrogation, enforcement of a lien or otherwise against the parties hereby released; however, if a lien is asserted, or a subrogation claim or other claim is made, Gennadiy Balandin will defend, indemnify and hold harmless the parties released from any costs associated with that claim.

Gennadiy Balandin hereby declares that he fully understand the terms of this settlement; that the amount stated herein is the sole consideration of this Release; and that he voluntarily accepts said sum for the purpose of making a full and final compromise, adjustment and settlement of all claims for alleged injuries, losses and damages of any sort resulting or to result from said incident of October 28, 2000.

This Release contains the entire agreement between the parties hereto, and the terms of this Release are contractual and not a mere recital.

Gennadiy Balandin further states that he has carefully read the foregoing Release and knows the contents thereof, and he signs the same, as his own free act, and it is his intention to be legally bound hereby.

**2.0 Payments**

In consideration of the release set forth above, the Assignor on behalf of the Defendant agrees to pay to the individual named below ("Payee(s)") the sums outlined in Sections 2.1 and 2.2 below:

2.1 Payments due at the time of settlement as follows:

a) By Assignor - $1,864,330.65 made payable to Gennadiy Balandin and Flynn, Gaskins & Bennett, L.L.P.

b) By The City of Apple Valley: $50,000.00 made payable to Gennadiy Balandin and Flynn, Gaskins & Bennett, L.L.P.

2.2 Periodic payments made according to the schedules as follow (the "Periodic payments") with a total present value of $1,135,669.35:

| | |
|---|---|
| Annuity Issuer: | First Colony Life Insurance Company |
| Assignee: | Jamestown Life Insurance Company |
| Present Value/Cost: | $270,471.73 |
| PAYEE: | Gennadiy Balandin |

| | |
|---|---|
| BENEFITS: | $1,333.33 monthly for 312 payments certain and life thereafter. Benefits commence on 05/01/2007. Last guaranteed payment is due 04/01/2033. |
| | $34,000.00 guaranteed lump sum due on 03/13/2018.<br>$180,000.00 guaranteed lump sum due on 03/13/2033. |
| *Guaranteed Payout:* | *$629,998.96* |
| *Expected Payout:* | *$1,099,331.12* |

| | |
|---|---|
| Annuity Issuer: | GE Capital Assurance Company |
| Assignee: | GE Capital Assignment Corporation |
| Present Value/Cost: | $262,196.62 |
| PAYEE: | Gennadiy Balandin |
| BENEFITS: | $1,333.33 monthly for 312 payments certain and life thereafter. Benefits commence on 05/01/2007. Last guaranteed payment is due 04/01/2033. |
| | $26,000.00 guaranteed lump sum due on 03/13/2013.<br>$93,000.00 guaranteed lump sum due on 03/13/2028. |
| *Guaranteed Payout:* | *$ 534,998.96* |
| *Expected Payout:* | *$1,004,331.12* |

| | |
|---|---|
| Annuity Issuer: | Canada Life Assurance Company |
| Assignee: | Canada Life Insurance Company of America |
| Present Value/Cost: | $289,035.00 |
| PAYEE: | Gennadiy Balandin |
| BENEFITS: | $1,333.33 monthly for 312 payments certain and life thereafter. Benefits commence on 05/01/2007. Last guaranteed payment is due 04/01/2033. |
| | $28,378.21 guaranteed lump sum due on 03/13/2013.<br>$38,491.92 guaranteed lump sum due on 03/13/2018.<br>$77,630.43 guaranteed lump sum due on 03/13/2023.<br>$98,984.49 guaranteed lump sum due on 03/13/2028. |
| *Guaranteed Payout:* | *$ 659,484.01* |
| *Expected Payout:* | *$1,202,149.00* |

| | |
|---|---|
| Annuity Issuer: | Monumental Life Insurance Company |
| Assignee: | AEGON Assignment Corporation |
| Present Value/Cost: | $100,199.00 |
| PAYEE: | Gennadiy Balandin |
| BENEFITS: | $ 35,656.49 guaranteed lump sum due on 03/13/2018.<br>$ 74,480.33 guaranteed lump sum due on 03/13/2023.<br>$100,051.61 guaranteed lump sum due on 03/13/2028.<br>$179,873.32 guaranteed lump sum due on 03/13/2033. |
| *Guaranteed Payout:* | *$390,061.75* |
| *Expected Payout:* | *$390,061.75* |

| | |
|---|---|
| Annuity Issuer: | Safeco Life Insurance Company |
| Assignee: | Safeco Assigned Benefits Service Company |
| Present Value/Cost: | $213,767.00 |

| | |
|---|---|
| PAYEE: | Gennadiy Balandin |
| BENEFITS: | $3,000.00 monthly for 48 payments. Payments commence 05/01/2003. Last guaranteed payment is due 04/01/2007.<br>$ 28,213.22 guaranteed lump sum due on 03/13/2013.<br>$ 78,014.48 guaranteed lump sum due on 03/13/2023.<br>$188,078.56 guaranteed lump sum due on 03/13/2033. |
| *Guaranteed Payout:* | *$438,306.26* |
| *Expected Payout:* | *$438,306.26* |

| | |
|---|---|
| GRAND TOTAL GUARANTEED PAYOUT (ALL COMPANIES): | $2,652,849.94 |
| GRAND TOTAL EXPECTED PAYOUT (ALL COMPANIES): | $4,134,179.25 |

- end of schedule -

All sums set forth herein constitute damages in a case involving physical injury or physical sickness, arising from the accident and are intended to fall within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

**3.0 Claimant's Rights to Payments**

Claimant acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Claimant; nor shall the Claimant have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

**4.0 Claimant's Beneficiary**

In the event of the death of Gennadiy Balandin any time prior to the guaranteed Periodic Payments being paid, payments will be paid to the Estate of Gennadiy Balandin, or to any such person or entity as requested by the Claimant in writing to the Assignee. If no person or entity is designated by the Claimant, or if the person designated is not living at the time of the Claimants death, such payments shall be made to the estate of Gennadiy Balandin.

**5.0 Consent to Qualified Assignment**

Claimant acknowledges and agrees that the Assignor will make "qualified assignments" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Assignor's liability to make the Periodic Payments set forth in Section 2.2 to Jamestown Life Insurance Company, GE Capital Assignment Corporation, Canada Life Insurance Company of America, AEGON Assignment Corporation and Safeco Assignment Benefits Service Company (the "Assignees"). The Assignees' obligation for payment of the Periodic Payments shall be no greater than that of the Assignor (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

**5.1** Any such assignments, when made, shall be accepted by the Claimant without the right of rejection and shall completely release and discharge the Defendant, Assignor and other released parties from the Periodic Payments obligation assigned to the Assignees. The Claimant recognizes that, in the event of such an assignment, the Assignees shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendant, Assignor and other released parties shall thereupon become final, irrevocable and absolute.

**6.0 Right to Purchase an Annuity**

The Assignor, itself or through its Assignees, reserve the right to fund the liability to make Periodic Payments through the purchase of annuity policies from First Colony Life Insurance Company, GE Capital Assurance Company, Canada Life Assurance Company, Monumental Life Insurance Company and Safeco Life Insurance Company. The Assignees shall be the sole owners of their respective annuity policies and shall have all rights of ownership. The Assignees may have First Colony Life Insurance Company, GE Capital Assurance Company, Canada Life Assurance Company, Monumental Life Insurance Company and Safeco Life Insurance Company mail payments directly to the Payee. The Claimant shall be responsible for maintaining a current mailing address for the Payee with First Colony Life Insurance Company, GE Capital Assurance Company, Canada Life Assurance Company, Monumental Life Insurance Company and Safeco Life Insurance Company.

**7.0 Discharge of Obligation**

The obligation of the Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check in the amount of such payment to the designated address of the Payee(s) named in Section 2 of this Settlement Agreement.

**8.0 Representation of Comprehension of Document**

In entering into this Settlement Agreement the Claimant represents that the Claimant has relied upon the advise of his/her attorneys, who are the attorneys of his/her choice, concerning the legal and income tax consequences of this Settlement Agreement; that the terms of this Settlement Agreement have been completely read and explained to Claimant by his/her attorneys; and that the terms of this Settlement Agreement are fully understood and voluntarily accepted by Claimant.

**9.0 Warranty of Capacity to Execute Agreement**

Claimant represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein; that Claimant has the sole right and exclusive authority to execute this Settlement Agreement and receive the sums specified in it; and that Claimant has not sold, assigned, transferred, conveyed or otherwise disposed of any claims, demands, obligations or causes of action referred to in this Settlement Agreement.

**10.0 Governing Law**

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Minnesota.

**11.0 Additional Documents**

All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement.

**12.0 Entire Agreement and Successors in Interest**

This Settlement Agreement contains the entire agreement between the Claimant, the Defendant, Assignor and other released parties, their respective agents and employees, past and present, and their past, present, and future officers, directors, officials, attorneys, principals, police officers, representatives, insurers, administrators, executors, successors and assigns with regard to the matters set forth in it and shall be binding upon and inure to the benefit of each.

**13.0 Effectiveness**

This Settlement Agreement shall become effective immediately following execution by each of the parties.

**Claimant:** **Gennadiy Balandin**

By: ________________________________

Date: 3/14/03

STATE OF MINNESOTA )
) ss.
COUNTY OF Hennepin )

On this 14th day of March, 2003, before me personally appeared Gennadiy Balandin, to me known to be the person named in and who executed the above release and acknowledged that he executed the same as his own free act and deed.

________________________________
**Notary Public**

ROBERT BENNETT
NOTARY PUBLIC MINNESOTA
My Commission Expires Jan. 31, 2005

**Assignor: The League of Minnesota Cities Insurance Trust**

By: Douglas J. Fronti

Title: Claim Manager

Date: 3-14-2003